

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-20831 |
| Plaintiff, | Hon. Victoria A. Roberts |
| v. | |
| TIMOTHY PAUL BARTH, | **Count One**: Receipt of child pornography, 18 U. S. C. § 2252A(a)(2) |
| Defendant. | **Maximum Penalty**: Not less than 5 years and up to 20 years of imprisonment |
| | **Maximum Fine:** $250,000 |
| | **Supervised Release**: Not less than 5 years and up to life |

---

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant, TIMOTHY PAUL BARTH, and the government agree as follows:

1.  **Guilty Plea**

    A.   **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Indictment, which charges him with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

    B.   **Elements of Offense**

    *The elements of Count One, receipt of child pornography, are as follows:*

ORIGINAL

1. Defendant knowingly received any matter that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8);

2. That such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

3. Defendant knew that such items constituted child pornography.

C.   **Factual Basis for Guilty Plea**

*The following facts are a sufficient and accurate basis for Defendant's guilty pleas:*

On April 20, 2016, Defendant took his laptop computer to Best Buy in Ann Arbor, Michigan. Defendant requested that Best Buy employees repair his computer, and left his computer at the store. Best Buy employees discovered child pornography on Defendant's computer and contacted the police. A forensic examination of Defendant's computer recovered approximately 3,729 images of child pornography. Defendant knowingly downloaded these images of child pornography onto his computer through the internet. Defendant's child pornography included depictions of prepubescent minor girls engaged in sex acts with adult men, including penetration and other depictions of violence.

- 2 -

2.    **Sentencing Guidelines**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Disputed Guideline Range**

The parties disagree on the applicability of the following guideline:

> **2G2.2(b)(5): If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels.**

The government recommends that the Court determine that Defendant's guideline range is **168 to 210 months**, as set forth on the attached worksheets. Defendant recommends that the Court determine that his guideline range is **97 to 121 months** as set forth on the attached worksheet addendum. The Court is not bound by either party's recommendation concerning the guideline range, and Defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation.

If the Court finds:

1. That Defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of

responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 168 to 210 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.    **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the Court must impose a sentence of imprisonment on Count One (receipt of child pornography) of at least 5 years and up to 20 years of imprisonment.

- 4 -

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is not less than 5 years and up to life. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.    **Special Assessment**

Pursuant to the Justice for Victims of Trafficking Act of 2015, Defendant will pay a special assessment of $5,000.00. *See* 18 U.S.C. § 3014.

D.    **Fine**

There is no agreement as to fines.

E.    **Restitution**

Restitution for victims depicted in child pornography possessed and received by a criminal defendant is mandatory under the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259.

To date, the victims depicted in Defendant's child pornography collection have not submitted restitution requests. Should any victims come forward, Defendant agrees to pay restitution in the amount of $5,000 per victim, but not to exceed $100,000 total, to any victim associated with Counts One and Two of the Indictment

- 5 -

(including dismissed count), who may be identified and request restitution prior to sentencing.

### F.    Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253, Defendant agrees to forfeit his interest in the following property:

1. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of violations of 18 U.S.C. § 2252A; and

3. Any property, real or personal, involved in the commission of violations of 18 U.S.C. § 2252A including, but not limited to:

    a)    One (1) Dell Inspiron E1405 laptop, serial number 27635138785; and

    b)    One (1) Apple Mini A1176 drive, serial number YMB040SZYL1.

(together, 3(a) and 3(b) shall be referred to as, the "Subject Property").

Defendant agrees that the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 2253, as property involved in Defendant's violations of 18 U.S.C. § 2252A and agrees that there is a nexus between the Subject Property and the offense to which Defendant is pleading guilty.

To the extent the United States identifies additional property involved in the commission of Defendant's offense after entry of this Rule 11 plea agreement, Defendant also agrees to forfeiture of that property. Specifically, Defendant acknowledges that the United States is in the process of reviewing 35 Betamax tapes that have been identified for possible forfeiture. Defendant agrees to forfeit any Betamax tape that the United States identifies as containing child pornography.

Following the entry of this plea agreement and upon application by the United States, Defendant agrees to the Court's prompt entry of one or more orders of forfeiture of his interests in the Subject Property at, or any time before, his sentencing in this case. If requested, Defendant agrees to sign a Stipulated Preliminary Order of Forfeiture, indicating he consents to its entry.

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above-described property as provided by Rule 32.2 of the Federal Rules of Criminal Procedure.

- 7 -

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant acknowledges that he understands that forfeiture of the above-described property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted.

4.   **SORNA/Adam Walsh Act**

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts).

Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

5.   **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise Defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

6.   **Appeal Waiver**

Defendant waives any right he may have to appeal his conviction on any grounds. If Defendant's sentence of imprisonment does not exceed 210 months, Defendant also waives any right he may have to appeal his sentence on any grounds. If Defendant's sentence of imprisonment is 97 months or more, the government waives any right it may have to appeal Defendant's sentence.

Nothing in this waiver bars a claim of ineffective assistance of counsel on appeal or by collateral relief under 28 U.S.C. § 2255.

- 9 -

7.     **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If Defendant is allowed to withdraw his guilty pleas or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against Defendant within six months after the date the order vacating Defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.     **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.     **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time

before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Defendant or to the attorney for the Defendant at any time before Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

10. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on March 3, 2017. The government reserves the right to modify or revoke this offer at any time before Defendant pleads guilty.

Barbara L. McQuade
United States Attorney

_____          _____
Matthew Roth                     Sara D. Woodward
Assistant United States Attorney  Assistant United States Attorney
Chief, General Crimes Unit        Deputy Chief, General Crimes Unit

Date: February 7, 2017

By signing below, Defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____          _____
David Steingold                  Timothy Paul Barth
Attorney for Defendant           Defendant

_____          _____
April 5, 2017                    April 5, 2017
Date                             Date

- 12 -

# WORKSHEET A   (Offense Levels)

| Defendant: | TIMOTHY PAUL BARTH | Count(s): | One: receipt of child pornography |
|---|---|---|---|
| Docket No: | 16-20831 | Statute(s): | 18 U.S.C. § 2252A(a)(2) |

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2G2.2(a)(2) | Base offense level | 22 |
| §2G2.2(b)(1) | Conduct limited to receipt | -2 |
| §2G2.2(b)(2) | Material involved prepubescent minor | +2 |
| §2G2.2(b)(4) | Material portrays sadistic or masochistic conduct | +4 |
| §2G2.2(b)(5) | Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor | +5 |
| §2G2.2(b)(6) | Use of computer | +2 |
| §2G2.2(b)(7)(D) | Offense involved more than 600 images | +5 |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**38**

********************

☐ *If this is the only Worksheet A, check this box and skip Worksheet B.*

☐ *If the defendant has no criminal history, check this box and skip Worksheet C.* (rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):         3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):         2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).\

### Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):                                       1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**(WORKSHEET C, p. 2)**

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**4. TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-3.

| 0 |

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

| I |

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.     (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

> 38

**2.     ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

> -3

**3.     TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 35

**4.     CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.     CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.     GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 168-210 months

**7.     STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

# WORKSHEET E   (Authorized Guideline Sentences)

1.    **PROBATION  (U.S.S.G. ch. 5, pt. B)**

      a.   <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

      ☒    1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

      ☐    2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

      ☐    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

      b.   <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

      ☐    1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

      ☐    2.   No more than 3 years (total offense level < 6).

      c.   <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

      The court must impose certain conditions of probation and may impose other conditions of probation.

2.    **SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

      ☒    a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

      ☐    b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

3.    **IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E, p. 2)**

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

      ☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

      ☐ 2. At least 1 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

      ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

      ☒ 4. The statute of conviction requires a minimum term of supervised release of _____60_____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

      ☐ 1. The court will determine whether restitution should be ordered and in what amount.

      ☐ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

      ☒ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ <u>5,000 per victim</u>_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

      ☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

      ☐ 5. Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

6.     **FINE** **(U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $40,000 | $400,000 |

7.     **SPECIAL ASSESSMENT(S)** **(U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $    5000.00 as required by statute    .

8.     **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9.     **UPWARD OR DOWNWARD DEPARTURE** **(U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range. _____

   _____

   _____

(rev. 06/99)

# DEFENDANT'S WORKSHEET A (Offense Levels)

| | | | |
|---|---|---|---|
| Defendant: | TIMOTHY PAUL BARTH | Count(s): | One: receipt of child pornography |
| Docket No: | 16-20831 | Statute(s): | 18 U.S.C. § 2252A(a)(2) |

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2G2.2(a)(2) | Base offense level | 22 |
| §2G2.2(b)(1) | Conduct limited to receipt | -2 |
| §2G2.2(b)(2) | Material involved prepubescent minor | +2 |
| §2G2.2(b)(4) | Material portrays sadistic or masochistic conduct | +4 |
| §2G2.2(b)(6) | Use of computer | +2 |
| §2G2.2(b)(7)(D) | Offense involved more than 600 images | +5 |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**33**

********************

☐ *If this is the only Worksheet A, check this box and skip Worksheet B.*

☐ *If the defendant has no criminal history, check this box and skip Worksheet C.* (rev. 06/99)

# DEFENDANT'S WORKSHEET D   (Guideline Range)

**1.**     **(COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

| 33 |

**2.**     **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

| -3 |

**3.**     **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 30 |

**4.**     **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

| I |

**5.**     **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL
(U.S.S.G. ch. 4, pt. B)**

   a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense
level higher than the total offense level entered in Item 3, enter the higher offense level total.

| |

   b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal
provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category
entered in Item 4, enter the higher criminal history category.

| |

**6.**     **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total
offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 97-121 months |

**7.**     **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute
is above, the guideline range entered in Item 6, enter either the guideline range as restricted by
statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of
conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

| |