UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Case No.  16-cr-20831

            Plaintiff,

v.                               Hon. Victoria A. Roberts

TIMOTHY PAUL BARTH,

            Defendant.
_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, DANIEL L. LEMISCH, Acting United States Attorney for the Eastern District of Michigan, and ADRIANA DYDELL, Assistant United States Attorney, together with Defendant TIMOTHY PAUL BARTH ("Defendant"), individually and by and through his attorney, DAVID S. STEINGOLD, ESQ., submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.      On December 20, 2016, the United States obtained a two count Indictment against Defendant.  (Docket #12).  The Indictment charges Defendant with Count One, Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and Count Two, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The Indictment contains a Forfeiture Allegation which

provides that upon conviction of the offenses charged in Counts One and Two of the Indictment, the Defendant shall forfeit the following property to the United States pursuant to 18 U.S.C. § 2253:

    i.    Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

    ii.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    iii.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.    On February 28, 2017, the United States filed a Forfeiture Bill of Particulars (Docket #32), to provide notice to Defendant that the United States intends to forfeit the following property upon conviction, pursuant to 18 U.S.C. § 2253:

    i.    One (1) Dell Inspiron E1405 Laptop, Serial Number: 27635138785;

      ii.    One (1) Apple Mini A1176 Drive, Serial Number:

            YMB040SZYL1; and

      iii.    Thirty-Five (35) Betamax tapes.

3.      On or about April 5, 2017, Defendant pleaded guilty to Count One, Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).

4.      In his Rule 11 Plea Agreement ("Rule 11"), Defendant agreed to forfeit property pursuant to 18 U.S.C. § 2253.  Defendant generally agreed to forfeit the property identified above in paragraph 1.i. through 1.iii. and specifically agreed to forfeit following property:

      i.    One (1) Dell Inspiron E1405 Laptop, Serial Number:

            27635138785; and

      ii.    One (1) Apple Mini A1176 Drive, Serial Number:

            YMB040SZYL1.

(4.i. and 4.ii. shall be referred to as, the "Subject Property").  Defendant agreed that the Subject Property was involved in Defendant's violations of 18 U.S.C. § 2252A and subject to forfeiture pursuant to 18 U.S.C. § 2253.

5.      In the Rule 11, Defendant also acknowledged that the United States is in the process of reviewing 35 Betamax tapes that have been identified for possible forfeiture.  Defendant agreed to forfeit any Betamax tape that the United States identifies as containing child pornography.  To the extent any Betamax tapes are

3

identified for forfeiture, the United States shall seek to amend this Preliminary Order of Forfeiture to reflect the forfeiture of those items.

6.      In the Rule 11, Defendant also agreed to the Court's prompt entry of one or more orders of forfeiture of his interests in the Subject Property and to sign a Stipulated Preliminary Order of Forfeiture.

7.      In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing and incorporation of forfeiture in the judgment and expressly waives his right to have a jury determine the forfeitability of his interests in the Subject Property.

8.      In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

9.      In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

10.     In entering into this Stipulation with respect to forfeiture, Defendant

agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and

agrees that this Order shall become final as to Defendant at entry.

Based on the Indictment, the Forfeiture Bill of Particulars, the Rule 11 Plea

Agreement, this Stipulation, and other information in the record, and pursuant to

18 U.S.C. § 2253, **THIS COURT ORDERS** that the Subject Property is

**FORFEITED** to the United States for disposition according to law, and any right,

title or interest of Defendant, and any right, title or interest that Defendant's heirs,

successors or assigns have, or may have, in any of the Subject Property is

**FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated

Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of

the Federal Rules of Criminal Procedure, and other applicable rules, the United

States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of

its intent to dispose of the Subject Property on www.forfeiture.gov, for at least

thirty consecutive days.  The United States may also, to the extent practicable,

provide direct written notice to any person or entity known to have an alleged

interest in any of the Subject Property.  The aforementioned notice shall direct that

any person, other than Defendant, asserting a legal interest in any of the Subject

Property must file a petition with the Court within thirty (30) days of the final

publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence and included in the Judgment.

6

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided under 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that if a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

[*THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK*]

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

DANIEL L. LEMISCH
Acting United States Attorney

S/ADRIANA DYDELL                     S/DAVID S. STEINGOLD
ADRIANA DYDELL                        DAVID S. STEINGOLD
Assistant United States Attorney      Attorney for Defendant
211 W. Fort Street, Suite 2001        400 Monroe Street, Suite 280
Detroit, MI 48226                     Detroit, MI 48226
(313) 226-9125                        (313) 962-0000
adriana.dydell@usdoj.gov              detroitdefender@yahoo.com
[CA Bar No 239516]                    (P29752)

Dated:  April 5, 2017                 Dated: April 5, 2017


                                      S/TIMOTHY PAUL BARTH (see attached)
                                      TIMOTHY PAUL BARTH
                                      Defendant

                                      Dated:  April 5, 2017


*********************************************

**IT IS SO ORDERED.**

                         **S/Victoria A. Roberts**
Dated: April 11, 2017    HONORABLE VICTORIA A. ROBERTS
                         United States District Judge

8

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce

this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal

Procedure 32.2(e).


Agreed as to form and substance:

DANIEL L. LEMISCH
Acting United States Attorney

*adriana dydell by don*

ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: April 5, 2017

DAVID S. STEINGOLD
Attorney for Defendant
400 Monroe Street, Suite 280
Detroit, MI 48226
(313) 962-0000
detroitdefender@yahoo.com
(P29752)

Dated: April 5, 2017

TIMOTHY PAUL BARTH
Defendant

Dated: April 5, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: _____

HONORABLE VICTORIA A. ROBERTS
United States District Judge

8