UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                      Case No. 16-20831

v.                                       HON. VICTORIA ROBERTS

TIMOTHY PAUL BARTH,

           Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Acting U.S. Attorney Daniel Lemisch and Sara Woodward, respectfully submits this sentencing memorandum. For the reasons stated below, the government requests that the Court sentence Defendant to 120 months.

**I.    PROCEDURAL HISTORY**

On April 5, 2017, Defendant entered a guilty plea to Count One of the Indictment, which charged receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The parties' Rule 11 Plea Agreement disputed the applicability of U.S.S.G. §2G2.2(b)(5), which provides for a 5 level enhancement where a defendant engages in a pattern of activity involving the sexual abuse or exploitation of a minor. (Rule 11 Plea Agreement, R. 34, PgID 209.) With the 5 level enhancement, the government recommended that Defendant's guideline range is 168 to 210 months.

1

Without the enhancement, Defendant recommended that the Court find that his range is 97 to 121 months. In the Pre-Sentence Investigation Report (PSR), the Probation Department agreed with the government and applied §2G2.2(b)(5), arriving at a guideline range of 168 to 210 months. (PSR ¶¶ 24, 70.)

## II.     STATEMENT OF FACTS

### A.     2016 Child pornography investigation

On April 20, 2016, Defendant brought his laptop to Best Buy in Ann Arbor, Michigan for repair. (PSR ¶ 11.) Defendant told Best Buy employees that his laptop was malfunctioning, and Best Buy employees determined that the device had a corrupt hard drive and would need a system restore. In order to perform the necessary repairs, Best Buy employees asked Defendant for permission to move all of his files to a portable hard drive so that the files would not be lost during the system restore. Defendant consented to this solution, and left his laptop with Best Buy employees.

During repair, Best Buy employees identified child pornographic images on Defendant's laptop. Best Buy notified the Pittsfield Township Police Department. Police responded, took custody of the laptop, and obtained a search warrant to examine the device. While forensic examination of the computer was underway, Defendant was notified that his laptop had been turned over to police. On May 10, 2016, attorney David Steingold called the Pittsfield Township Police Department on Defendant's behalf and spoke with the officer in charge of the investigation.

On May 12, 2016, police executed a search warrant at Defendant's home in Scio Township and seized a few electronic devices, including an Apple Mini. However, agents and officers observed numerous empty containers for devices that were not present in the home, as well as places in the home where it appeared that electronic devices had recently been removed. Defendant was not present at the time of the search, and has declined subsequent requests to speak with law enforcement.

Forensic examination of Defendant's laptop (seized from Best Buy) recovered 3,729 images of child pornography. Defendant's collection of child pornography included depictions of prepubescent girls engaged in sex acts with adult men, as well as the lascivious exhibition of their genitals. Defendant's collection focused on girls between the ages of 4 and 10 years old. Defendant's computer also contained approximately 16,000 images of child erotica and "age-difficult" pornography.[1] The forensic evidence on the computer indicates that Defendant downloaded child pornography to his laptop between 2012 and 2016.

Forensic examination of Defendant's Apple Mini (seized from Defendant's home) recovered only 15 images of investigative interest. However, the forensic examiner found file paths and internet history indicating that the user of the device

---

[1] "Child erotica" commonly refers to images of children that are sexual in nature, but do not depict sex acts or the genitalia of any person. Commonly, these photographs will depict children in various stages of undress. Within a series of photographs of a particular child, some images may be child erotica, while other images are classified as child pornography.
"Age difficult" images are pornographic images where the person depicted is young, but not clearly prepubescent, and it is difficult to determine with certainty that the person depicted is a minor.

deleted and shredded a large amount of material, including the device's internet history, on May 4, 2016.

**B.     Disclosures of sexual assault by V-1 and V-2**

In 2011, an adult woman, C.B., made a report to the Washtenaw County Sheriff's Office. (PSR ¶ 13). C.B. reported a single instance of sexual assault by Defendant that took place in 1990s. (Exhibit A, 2011 WCSO Report, submitted under seal.)

On October 21, 2016, HSI Special Agent Jay Ratermann interviewed C.B. about the sexual assault that she had disclosed in 2011. (Exhibit B, 2016 HSI Report of C.B.'s interview, submitted under seal.) C.B. told Agent Ratermann that:

- When she was eight or nine years old, she was at a family gathering at Defendant's home in Ann Arbor, Michigan;

- She got sick at the family gathering;

- Defendant was the "doctor in the family," and he cared for her while she was sick;

- Defendant took her to the couch and sat with her on his lap, with a blanket over both of them;

- While they were on the couch, Defendant began "groping" and "rubbing" C.B.'s genitals, using his hand and fingers;

- C.B. struggled to get away from Defendant;

4

- Defendant told C.B. "it's okay," over and over, and continued rubbing and groping her vaginal area;

- Eventually, Defendant released C.B.

C.B. disclosed her sexual abuse by Defendant to two of her cousins: J.C. and K.Z. When C.B. disclosed the abuse to K.Z., K.Z. told her that she [K.Z.] had also been sexually assaulted by Defendant. C.B. told Agent Ratermann that she believed that K.Z. had been sexually assaulted by Defendant numerous times over the course of several years. C.B. reported to Agent Ratermann that K.Z. does not want to talk about the abuse, and that she seemed traumatized.

On November 11, 2016, Agent Ratermann interviewed J.C. J.C. told Agent Ratermann that C.B. and K.Z. had both told him that Defendant had sexually assaulted them. J.C. said that C.B. disclosed her abuse to him in approximately 1996, when he was in his early teens. J.C. said that K.Z. told him about her abuse in approximately 1996, and that she made the disclosure over the phone. J.C. said that K.Z. said that Defendant touched her genitals on more than one occasion. (2016 HSI Report of Cousin's Interview, Government Exhibit C, submitted under seal.)

Agent Ratermann contacted K.Z. on the phone and asked to interview her. When Agent Ratermann explained the nature of the investigation, K.Z. began to cry and told Agent Ratermann she was trying to put "this behind her." To date, K.Z. has declined to make a statement to HIS or other law enforcement authorities.

## III. SENTENCING GUIDELINES CALCULATION AND RELEVANT §3553(a) FACTORS

18 U.S.C. § 3553(a) provides the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

Here, the government believes that a below-guidelines sentence of 120 months is sufficient, but not greater than necessary, to accomplish the objectives of Section 3553.

### A.   The Sentencing Guidelines Range

Although advisory, the Sentencing Guidelines remain an important factor under Section 3553(a) when determining an appropriate sentence. As the Supreme Court noted in *United States v. Rita,* 551 U.S. 338, 345 (2007), "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." The appropriate guideline

6

range for Defendant is in dispute. The government and the Probation Department have calculated Defendant's guideline range to be 168 to 210 months, based on a total offense level of 35 and a criminal history category I. Defendant has objected to application of §2G2.2(b)(5), and asserts that the proper guideline range is 97 to 121 months.

U.S.S.G. § 2G2.2 is used to calculate the guideline range for defendants that plead guilty to receipt of child pornography. The enhancement under §2G2.2(b)(5) provides that "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." The application notes explain that a "pattern of activity" is present when a defendant commits at least two separate instances of sexual abuse or exploitation. U.S. Sentencing Guidelines Manual § 2G2.2(b)(5), cmt. These "other incidents need not have occurred during the course of the charged offense, involved the same minor, or even resulted in a conviction." § 2G2.2(b)(5), cmt. The application note further explains that "sexual abuse or exploitation" means any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)-(c), § 2251(d)(1)(B), § 2251A, §2260(b), § 2421, §2422, or §2423; (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offense under subsections (A) or (B)." Section 2241(c) makes it a crime

7

to engage in, or to attempt to engage in a sexual act with another person who has not attained the age of 12 years.

The Court uses a preponderance of the evidence standard when determining the facts supporting guideline enhancements. Here, there is a preponderance of the evidence that Defendant engaged in at least two separate instances of sexual abuse or exploitation of minors. C.B. reported a single instance of sexual abuse by Defendant to law enforcement in 2011 and 2016. K.Z. reported her abuse, which happened more than once, to her cousins, C.B. and J.C. Defendant's abuse of both victims involved the touching of their genitals, and Defendant's conduct violated Mich. Comp. Laws § 750.520c(1)(a), criminal sexual conduct in the second degree. *People v. Harris*, 158 Mich App. 463, 468 (Mich. Ct. App. 1987).

If Defendant's abuse of C.B. and K.Z. "had occurred within the special maritime or territorial jurisdiction of the United States," it would constitute a violation, or an attempted violation, of 18 U.S.C. § 2241(c). *See United States v. Resende-Ponce*, 549 U.S. 102, 107 (2007) (defining attempt as "an overt act qualifying as a substantial step toward completion of the underlying offense"); *United States v. Cryar*, 232 F.3d 1318, 1320 (10th Cir. 2000) (evidence was sufficient to prove defendant crossed state lines with intent to engage in sexual act with a minor, in violation of §2241(c), and attempted to do so, when he drove from

Texas to Oklahoma, where the victim was, and was apprehended at the Oklahoma City Zoo after being told that he would have a chance to be alone with the child).

If the Court finds by a preponderance of the evidence that Defendant engaged in two more instances of sexual abuse or exploitation of a minor, then the 5 level enhancement applies, and Defendant's guideline range is 168 to 210 months.

**B. Nature and Circumstances of the Offense and History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)**

For at least several years, Defendant collected child pornography depicting prepubescent girls engaged in sex acts with adult men. When his child pornography was discovered by a Best Buy employee and police began to investigate, Defendant destroyed the remaining evidence of his crime by discarding some of his electronic devices, and conducting mass deletions from his Apple Mini.

Defendant does not have significant prior arrests or convictions, and he has worked for many years as a physician. However, Defendant used his status as a physician to gain access to C.B. Defendant also has a sexual interest in children that dates back several decades. Defendant acted on his sexual interest in children by assaulting C.B. and K.Z. The child pornography that Defendant collected matched the ages of C.B. and K.Z. at the time they were assaulted by Defendant. Defendant has a clear sexual interest in prepubescent girls.

**C. Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment, 18 U.S.C. § 3553(a)(2)(A)**

9

Numerous courts have emphatically expressed the wretched consequences of child pornography. The Sixth Circuit has stated that "child pornography is, without qualification, a serious crime." *United States v. Robinson,* 669 F.3d 767, 776 (6th Cir. 2012). The Third Circuit has recognized that child pornography involves the horrendous and long-lasting abuse of children, stating that "[c]hildren are exploited, molested, and raped for prurient pleasure of [Defendant] and others who support suppliers of child pornography. These small victims may rank as 'no one else' in [Defendant]'s mind, but they do indeed exist outside his mind. Their injuries and the taking of their innocence is are far too real. There is nothing 'casual' or theoretical about the scars they will bear from being abused for [Defendant]'s advantage." *United States v. Goff*, 501 F.3d 250, 258-59 (3d Cir. 2007).

In his letter attached to his sentencing memorandum, Defendant asserts that he viewed and downloaded pornography, including child pornography, "after it started popping up on my computer in late 2012." (Defendant's Letter to the Court, R. 37-2, PgID 302.) Defendant portrays his role in his offensive as a passive one, but this claim has been soundly rejected by the Sixth Circuit. In *United States v. Bistline*, the Sixth Court explained: "Knowing possession of child pornography . . . is not a crime that happens to a defendant. It is not a crime of inadvertence, of pop-up screens and viruses that incriminate an innocent person. Possession of child pornography instead becomes a crime when a defendant knowingly acquires the

10

images—in this case, affirmatively, deliberately, and repeatedly, hundreds of times over, in a period exceeding year." *United States v. Bistline*, 665 F.3d 758, 765 (6th Cir. 2012).

As Defendant's conduct in this case makes clear, child pornography is directly linked to the sexual abuse of children. "The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children . . . . The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting this product." *New York v. Ferber*, 458 U.S. 747, 759-60 (1982). Possession, receipt, and distribution of child pornography are serious offenses, leaving behind many victims.

The Sixth Circuit "and others have documented well the devastating and long-lasting effects that the creation and dissemination of child pornography have on its victims, inflicting emotional, physical, and psychological damage, sometimes permanently" and stated that "[t]he gravity of offenses dealing with child pornography cannot be overestimated." *United States v. Marshall,* 736 F.3d 492, 505 (6th Cir. 2013) (*citing United States v. Bistline,* 665 F.3d 758, 766 (6th Cir. 2012); *Ferber*, 458 U.S. at 757-59 & nn.8-10). Accordingly, Defendant's sentence must reflect the seriousness of the offense and its long-lasting effects.

11

The images and videos that Defendant received depict the sexual exploitation and abuse of children. "Child pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). Collecting child pornography is not an activity that society is prepared to tolerate. Congress has expressed its belief that receiving child pornography is repugnant and unacceptable, warranting severe punishment. See, e.g., *United States v. Duhon*, 440 F.3d 711, 719 (5th Cir. 2006) ("[C]hild pornography is not a victimless crime. A child somewhere was used to produce the images downloaded . . . in large part, because individuals . . . exist to download the images."). The children depicted in the images and videos possessed by Defendant are victims of sexual abuse. Those children were first victimized by their abusers, but the online trading of the images and videos depicting this abuse continue to cause daily trauma to the victims.

**D.     Deterrence**

The above considerations impact another § 3553(a) factor – the need to deter such conduct in the future. Sentencing in the federal system has long contemplated the ability to provide both specific and general deterrence. *United States v. Phinazee*, 515 F.3d 511 (6th Cir. 2008); *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006). A significant sentence is necessary so that Defendant and others will

understand the consequences of child exploitation and pornography offenses, and deter him and others from engaging in this conduct in the future.

The Sixth Circuit has explained that deterrence is particularly important when dealing with child pornography cases. This is because most child pornography crimes occur in private, making them easy to commit and very difficult to detect. Under such circumstances, deterrence is important to combat the normalization that occurs when offenders "may think that because they are on the Internet in their home that they are doing something that is innocent." *United States v. Kirchhof,* 505 F.3d 409, 415 (6th Cir. 2007). Moreover, as the Sixth Circuit explained, "general deterrence is crucial in the child pornography context." *Robinson*, 669 F.3d at 777.

**E.   Restitution**

To date, the victims depicted in the child pornography that Defendant collected have not submitted restitution requests.

**IV.   CONCLUSION**

The government asks the Court to find that Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of minors, and find that his guideline range is 168 to 210 months. However, the government believes that a below-guidelines sentence of 120 months is sufficient, but not greater than necessary, to accomplish the objectives set forth in 18 U.S.C. § 3353.

                                        Respectfully submitted,

                                        BARBARA McQUADE
                                        United States Attorney

                                        <u>/s Sara D. Woodward</u>
                                        SARA D. WOODWARD
                                        Assistant United States Attorney
                                        211 West Fort Street, Suite 2001
                                        Detroit, Michigan  48226-3211
                                        (313) 226-9180
August 1, 2017                          sara.woodward@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I filed the foregoing document via ECF, which will send notification to counsel of record, David Steingold.

/s Sara D. Woodward
SARA D. WOODWARD
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9810
sara.woodward@usdoj.gov

August 1, 2017